UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| RONALD TAYLOR, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CHASE BANK, )<br>)<br>    Defendant. ) | Civil Action No. 3:15-cv-00509 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant JPMorgan Chase Bank, N.A. ("Chase"), incorrectly identified by Plaintiff as Defendant Chase Bank, respectfully submits this Memorandum in Support of its Motion to Dismiss.

The pending lawsuit asserts some generic "unlawful actions" by Chase related to the servicing of Plaintiff's mortgage loan, including hollow allegations of fraud and breach of contract. Plaintiff's lawsuit lacks merit and Tennessee state courts and federal courts have repeatedly dismissed similar claims and causes of action when the lawsuit asserts nothing more than generic wrongdoing. For the reasons stated herein, the Court should summarily dismiss this action with prejudice.

### STATEMENT OF FACTS

On or about September 22, 2015, Plaintiff commenced a civil action in the Chancery Court for Anderson County, Tennessee and a "summons" was issued to Chase Bank, case No. 15-CH-7474. *See* ECF No. 1-1. The "Summons Return" indicates that "Chase Bank" was served on October 13, 2015. *Id.* On November 12, 2015, Chase removed the case to this Court.

The factual allegations in Plaintiff's pleading are sparse and generic. After asserting several mixed statements of fact and law, Plaintiff alleges that Chase "misapplied the funds [in Plaintiff's escrow account] to pay insurance on the property that was not [his property]." *See* Complaint ¶ 1, ECF No. 1-1. Plaintiff conclusively asserts that Chase's conduct amounts to "a breach of contract." Compl. ¶ 2. Plaintiff does not identify the specific property, insurance carrier, or contract. Rather, Plaintiff alleges that "[e]very monthly statement was fraudulent because it did not reflect the true amount of every year that [Chase] paid on a property that [Plaintiff] did not own" and that because Chase "sent the monthly statements through the mail that would also constitute mail fraud as well as mortgage fraud." Compl. ¶ 2. Lastly, Plaintiff asserts that "the employees that made the decision to misapply funds and then refuse to repay the misapplied funds are guilty of criminal misconduct and or negligence. Compl. ¶ 4. Based on these non-descript claims of wrongdoing, Plaintiff seeks $200,000.00 in damages. Compl. ¶ 4.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "must go beyond 'labels and conclusions' or a mere 'formulaic recitation of the elements of a cause of action.'" *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). And "naked assertions devoid of further factual enhancement' contribute nothing to the sufficiency of the complaint." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

"[T]he sufficiency of a complaint turns on its 'factual content,' requiring the plaintiff to plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *Id.* at 504 (citations omitted) (quoting *Iqbal*, 556 U.S. at 678, 683). It is not enough to allege facts that show a "mere possibility of misconduct" or "that are merely consistent with a defendant's liability." *Iqbal*, 556 U.S. at 678-79 (internal quotation marks omitted). Simply put, the Federal Rules of Civil Procedure require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. Here, the complaint merely alleges that Defendant Chase unlawfully harmed Plaintiff.

While "allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers," this leniency "has limits." *Samples v. Bank of Am., N.A.*, No. 3:12-CV-44, 2012 WL 1309135, at *2 (E.D. Tenn. Apr. 16, 2012) (internal quotation marks omitted). A pro se litigant is "not exempt from the requirements of the Federal Rules of Civil Procedure." *Mhoon v. U.S Bank Home Mortg.*, No. 12-CV-03053-JPM-TMP, 2013 WL 6858680, at *3 (W.D. Tenn. Dec. 30, 2013).

## ARGUMENT

### I. Plaintiff's entire pleading fails under Rule 12(b)(6).

Plaintiff's bare allegations do little more than suggest the possibility of some wrongdoing. Plaintiff does not clearly articulate any specific causes of action. Rather, Plaintiff's allegations require Chase to guess and speculate as to the causes of action against it. Plaintiff's minimalist approach is strongly disfavored by federal courts. Indeed, Tennessee federal courts have repeatedly dismissed lawsuits when the lawsuit only alleges naked factual allegations. *See Gilliard v. Recontrust Co*, 2012 WL 4442525 (E.D. Tenn. Sept. 25, 2012); *Mhoon v. U.S Bank Home Mortgage*, 2013 WL 6858680 (W.D. Tenn. Dec. 30, 2013); *Bell v. SunTrust Mortgage, Inc.*, 2009 WL 2913690 (E.D. Tenn. Sept. 2, 2009); *Gibson v. Mortgage Elec. Registration Sys.,*

3

*Inc.,* 2014 WL 2091258 (W.D. Tenn. May 19, 2014). Similarly, a plaintiff fails to adequately plead actionable claims when the pleading only makes conclusory assertions that a defendant's actions were somehow wrongful. *Hutchens v. Bank of Am. N.A.*, 11-CV-624, 2012 WL 1618316, at *7 (E.D. Tenn. May 9, 2012) (dismissing conclusory claims).

Here, Plaintiff's claims should be dismissed because there is absolutely nothing in the pleading that indicates who, what, when, where and how these alleged causes of action occurred. Plaintiff generally and haphazardly asserts wrongful action against Chase. Allegations such as these are simply not entitled to the presumption of truth under the applicable pleading standard. *See Iqbal*, 556 U.S. at 677-78 (holding that courts must disregard allegations that are not "well pleaded facts" but mere "labels and conclusions"). Accordingly, the Court should dismiss Plaintiff's action in its entirety.

## II.     Plaintiff fails a state a claim for fraud, mortgage fraud, or mail fraud.

Plaintiff purports to assert claims for fraud, mortgage fraud, and mail fraud. *See* Compl. ¶ 2. To state a claim for fraud under Tennessee law, a plaintiff must allege the following four elements: "(1) an intentional misrepresentation of a material fact, (2) knowledge of the representation's falsity, (3) an injury caused by reasonable reliance on the representation, and (4) the requirement that the misrepresentation involve a past or existing fact." *Gray v. Bank of Am., N.A.*, 3:12-CV-105, 2012 WL 3230387, *2 (E.D. Tenn. Aug. 6, 2012). Under 18 U.S.C. § 1341, "[t]he essential elements of mail fraud are that defendant devised a scheme or artifice to defraud, use[d] the mails, and either sent or received mail connected with the scheme." *Blount Fin. Servs., Inc. v. Walter E. Heller & Co.*, 632 F. Supp. 240, 244 (E.D. Tenn. 1986), *aff'd*, 819 F.2d 151 (6th Cir. 1987). In addition, fraud claims are subject to "the heightened particularity requirement of Federal Rule of Civil Procedure 9(b)." *Gray*, 2012 WL 3230387, *2; *see also*

*Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 325 (6th Cir.) (affirming dismissal of mail fraud claim for failure to satisfy Rule 9(b) particularity requirements), *cert. denied*, 528 U.S. 871 (1999); *Aycock v. Bank of Am., N.A.*, No. 14-CV-2789-JPM-TMP, 2015 WL 3746997, at *6 (W.D. Tenn. May 28, 2015), *adopted by* No. 2:14-CV-02789-JPM, 2015 WL 3747261 (W.D. Tenn. June 15, 2015) (holding that purported mortgage fraud claim did not meet heightened pleading standard under Rule 9(b)). "The Sixth Circuit has directed that Rule 9(b) requires plaintiffs to allege the time, place, and content of the alleged misrepresentation, the fraudulent scheme, the fraudulent intent, and the injury resulting from the fraud." *Flynn v. GMAC Mortg., LLC*, No. 3:11-CV-416, 2011 WL 4708858, at *3 (E.D. Tenn. Oct. 4, 2011).

Although Plaintiff alleges in a conclusory fashion that Chase is liable for fraud, mortgage fraud, and mail fraud, he fails to plead facts that would support a claim for any of these causes of action. Plaintiff fails to identify any misrepresentation of material fact allegedly made by Chase, much less a fraudulent scheme allegedly devised by Chase. Moreover, Plaintiff's averments as to purported fraud do not satisfy the heightened pleading requirements of Rule 9(b). Plaintiff's fraud claims should therefore be dismissed for failure to state a claim upon which relief can be granted.

### III. Plaintiff fails to state a plausible claim for breach of contract.

With respect to his breach of contract claim, Plaintiff asserts that Chase's "misapplication of funds" in Plaintiff's escrow account amounted to a breach of the "mortgage contract" because "[t]here is no clause in the contract that allows [Chase] to take these actions therefore [Chase] broke [its] own contract and denied [Plaintiff] the insurance that [he] had paid for." Compl. ¶ 1. Under Tennessee law, a plaintiff alleging breach of contract must plead sufficient facts to

5

establish "1) the existence of an enforceable contract, 2) nonperformance amounting to a breach of the contract, and 3) damages caused by the breach of contract." *Shirley v. NationStar Mortg., LLC*, No. 2:10-CV-144, 2011 WL 1196787, at *2 (E.D. Tenn. Mar. 29, 2011). "In the context of claims arising out of an alleged breach of contract, a plaintiff must identify the specific contract language whereby the defendant assumed a legally-enforceable obligation to the plaintiff." *Brooks v. Wells Fargo Bank, N.A.*, No. 3:12-0821, 2014 WL 345737, at *2 (M.D. Tenn. Jan. 30, 2014); *see also id.* (dismissing breach of contract claim where plaintiff did not attach contract to complaint, failed to point to any specific clause of the contract alleged to have been breached, and made conclusory allegation that contract was breached).

While Plaintiff purports to rely on the "mortgage contract" for his breach of contract claim, he does not attach any contractual documents to his pleading nor does he point to any specific provisions therein which have been allegedly breached by Chase. Furthermore, Plaintiff has failed to sufficiently allege nonperformance by Chase that amounted to a breach of the contract. Plaintiff conclusorily alleges that Chase breached the mortgage contract by misapplying the funds in his escrow account to pay for insurance for property that was not encumbered by the mortgage. *See* Compl. ¶ 1. Plaintiff's bare allegation of breach of contract, with no supporting factual allegations, fails as a matter of law. *See Alshaibani v. Litton Loan Servicing, LP*, 528 F. App'x 462, 465 (6th Cir. 2013) (affirming dismissal of breach of contract claim because "Plaintiffs' naked allegation that Litton 'breached the terms of the Mortgage by, including but not limited to, failing to apply Plaintiff's [p]ayments in accordance with the terms of the [m]ortgage,' is simply a legal conclusion couched as a factual allegation." (alteration in original)). Accordingly, Plaintiff's breach of contract claim should be dismissed.

6

## IV. Plaintiff fails to state a claim for negligence.

Plaintiff's pleading also *suggests* a negligence claim. *See* Compl. ¶ 4. To succeed on a negligence claim under Tennessee law, a plaintiff must allege facts to establish the following elements: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, causation." *Williams v. SunTrust Mortg., Inc.*, No. 3:12-CV-477, 2013 WL 1209623, at *3 (E.D. Tenn. Mar. 25, 2013). As to the first element, "absent special circumstances, Tennessee law does not impose common law duties on financial institutions with respect to their customers, depositors, or borrowers." *Silvestro v. Bank of Am., N.A.*, No. 3-13-0066, 2013 WL 1149301, at *4 (M.D. Tenn. Mar. 19, 2013). Additionally, "if the only source of duty between a particular plaintiff and defendant is their contract with each other, then a breach of that duty, without more, ordinarily will not support a negligence action." *Id.*

Here, Plaintiff has not alleged any facts indicating that he and Chase share anything other than the arms-length relationship between borrower and lender, which does not create a duty of care under Tennessee law. *See Williams*, 2013 WL 1209623, at *4 (dismissing negligence claim where plaintiffs failed to demonstrate a duty outside of the borrower-lender relationship); *Fed. Nat'l Mortg. Ass'n v. Carr*, No. 3:12-CV-1295, 2013 WL 5755083, at *4 (M.D. Tenn. Oct. 23, 2013) ("[Plaintiff's] negligence claim lacks a source of common law duty because it involves the performance of her mortgage loan, which is part of the borrower-lender relationship among her, JP Morgan Chase, and Fannie Mae."); *Silvestro*, 2013 WL 1149301, at *4 ("Plaintiffs have not identified a source of duty outside the borrower-lender relationship, so they have not established the first element of their negligence claim.").

7

Moreover, Plaintiff has not alleged that Chase's actions were the cause-in-fact and proximate cause of any alleged damages he suffered. Plaintiff has thus failed to set forth the elements necessary for a negligence claim, and his negligence claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Chase respectfully requests that this Court grant its Motion to Dismiss Plaintiffs' action with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, award costs and fees pursuant, and grant such further relief as the Court may deem just and appropriate.

Dated: November 18, 2015.                Respectfully submitted,

                                                                             NELSON, MULLINS, RILEY &
                                                                             SCARBOROUGH LLP

                                                                             By:    */s/ James A. Haltom*
                                                                                     James A. Haltom (BPRN 28495)
                                                                                     150 Fourth Avenue, North, Suite 1100
                                                                                     Nashville, TN 37219
                                                                                     Phone: (615) 664-5339
                                                                                     E-Mail: james.haltom@nelsonmullins.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been served by email to Plaintiff at energyrethink@yahoo.com and placing a correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope to:

Ronald Taylor
335 Ridgeview Drive
Clinton, TN 37716

Dated: November 18, 2015.

                                                                                      */s/ James A. Haltom*
                                                                                      JAMES A. HALTOM