IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JIMMY BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | CASE NO.: |
| ) | JURY DEMAND |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

Comes the Plaintiff, Jimmy Brooks, by and through counsel, and submits that the Defendant's Motion to Dismiss should be denied for the following reasons: (1) The motion is based on part of the Tennessee Consumer Protection Act, specifically Tenn. Code Ann. § 47-18-104 (b) (27), which was not pled by the Plaintiff in his Complaint. The Plaintiff pled violations of Tenn. Code Ann. § 47-18-104 (a), but not (b) (27). Therefore, the Defendant's motion should be denied on this ground alone. (2) The Plaintiff sufficiently pled a cause of action for violations of Tenn. Code Ann. § 47-18-104 (a) which proscribes acts and practices which are "unfair or deceptive" to the consumer. The Defendant's motion should be denied on these grounds as well.

# I.
# THE PLAINTIFF HAS SUFFICIENTLY PLED VIOLATIONS OF TENN. CODE ANN. § 47-18-104 (A)

The Plaintiff submits that he pled a violation of Tenn. Code Ann. § 47-18-104 (a). The Tennessee Consumer Protection Act does not define "unfair" or "deceptive". These terms are to be broadly construed. The Tennessee Supreme Court held in *Morris v. Mack's Used Cars*, 824 S.W. 2d 538, 540 (Tenn. 1992) that "The Act is to be liberally construed to protect consumers and others from those who engage in deceptive acts or practices. Although the Act does not define "unfair" or "deceptive", the Tenn. Court of Appeals has defined both in the case of *Tucker v. Sierra Builders*, 180 S.W. 3d 109, 116 (Tenn. Ct. App. 2005). In *Tucker*, the Court held that "an act is deceptive if it causes or tends to cause a consumer to believe something that is false or that misleads or tends to mislead a consumer with regard to a matter of fact. An act is unfair if it causes or is likely to cause substantial injury to consumers that is not reasonably avoided by the consumers themselves".

The facts as alleged in the Plaintiff's Complaint establish conduct by Defendant, Wells Fargo, which is both "unfair" and "deceptive". Since the well-pleaded facts pursuant to a Rule 12 Motion to Dismiss are to be construed in favor of the non-moving party, the Plaintiff submits that he has adequately pled a cause of action for violations of Tenn. Code Ann. § 47-18-104 (a).

For the foregoing reasons, the Plaintiff respectfully submits that the motion should be denied.

Respectfully submitted,

  //Kline Preston
**Kline Preston Law Group, P.C.**
**G. Kline Preston, IV  #17141**
**4515 Harding Pike, Suite 107**
**Nashville, TN 37205**
**Telephone: (615) 279-1619**
**Fax: (866) 610-9565**
**kpreston@klinepreston.com**

### CERTIFICATE OF SERVICE

      I hereby certify that a true and exact copy of the foregoing document has been sent via electronic filing system to Mr. Jonathan Cole, Esq., and William A. Lewis, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., Baker Donelson Center, Suite 800, 211 Commerce Street, Nashville, Tennessee 37201, on this the 25th day of September, 2012.

  //Kline Preston
  G. Kline Preston, IV