Amber Henning
Kirk D. Evenson
Antonia P. Marra
MARRA, EVENSON & LEVINE, P.C.
2 Railroad Square, Suite C
P.O. Box 1525
Great Falls, Montana 59403-1525
Telephone (406) 268-1000
Facsimile (406) 761-2610
Direct e-mail: ahenning@marralawfirm.com
           amarra@marralawfirm.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| ITRIA VENTURES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MARQUIS CATTLE COMPANY; CORY SHANNON MARQUIS; AND BECKIE JO MARQUIS,<br><br>Defendants. | Cause No. CV-23-24-GF-BMM-JTJ<br><br><br><br>**ANSWER TO COMPLAINT** |

COMES NOW, the Defendants, MARQUIS CATTLE COMPANY; CORY SHANNON MARQUIS, and BECKIE JO MARQUIS, by and through their attorneys of record, Marra, Evenson, & Levine P.C., and answers the Complaint filed herein as follows:

1

## GENERAL DENIAL

Except as expressly admitted herein, Defendant denis each allegation contained in the Complaint. To the extent any of the hearings or sub-headings of the Complaint contain allegations of fact to which a response is required, Defendant denies all the allegations contained therein. Defendant also denies that Plaintiff is entitled to any of the relief sought in the demand for relief set forth in the Complaint. To the extent Defendant uses terms defined in the Complaint in this Answer, such use if not an acknowledgment or admission of any characterization Plaintiff seeks to associate with any such defined term.

## AS TO THE COMPLAINT

1. The terms of the subject Agreements speak for itself. However, while Defendants admit that they have been paid the money promised under the subject Agreements, they deny any default or the money allegedly due for the reasons set forth in the Affirmative Defenses, and as set forth below.

2. Defendants admit the allegations set forth in paragraphs 1 through 4, as to the parties and their addresses.

3. Defendants admit paragraph 5 as to application of New York law, and Defendants deny that Cascade County Montana is a proper venue for any state court action, or that state court is appropriate forum for this litigation,

pursuant to section 15(g) of both of the Agreements at issue, which contain identical arbitration clauses.

4. Defendants deny or lack sufficient information to form a belief, opinion, or positions on the allegations set forth in the remaining paragraphs of the Complaint, but reserve the right to amend their response subject to further discovery.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by waiver.

### Third Affirmative Defense

Plaintiff has failed to mitigate, and/or has created its own damages by engaging in bad faith and/or breached the covenant of good faith and fair dealing.

### Fourth Affirmative Defense

Plaintiff may not recover based upon the clean hands doctrine.

### Fifth Affirmative Defense

Plaintiff failed to comply with necessary conditions precedent to the

commencement of this action, including, but not limited to, any applicable contractual notice of claim provisions.

Sixth Affirmative Defense

Defendants have a documentary evidence defense.

Seventh Affirmative Defense

Any paragraph within the complaint which alleges the interpretation of a contract is a legal conclusion which requires no response, and therefore is denied.

Eigth Affirmative Defense

Defendants reserve the right to assert other affirmative defenses as may be warranted as discovery proceeds as well as any counterclaims.

Ninth Affirmative Defense

Defendant did not breach or default on the agreements, however, if there was any technical breach or default, then it was not material.

Tenth Affirmative Defense

Plaintiff failed to provide notice to Defendant which was sufficient pursuant to the terms of the subject agreements, with respect to any alleged breach or default of the agreements.

Eleventh Affirmative Defense

Plaintiff acted unethically, unlawfully, or in bad faith in breach of its duty of good faith and fair dealing within any contractual relationship. Plaintiff failed to ascertain whether Defendants' credit was suitable for the subject cash advance that the Defendants received, whether Defendants' revenues were suitable for the cash advance Defendants received, or whether Defendants' industry was suitable for the cash advance Defendants received.

## Twelfth Affirmative Defense

Plaintiff either negligently failed to ascertain Defendants' other existing loan or cash advance obligation, or intentionally ignored the existence of those relationships so that Plaintiff could engage in predatory lending/cash advance practices, forcing the Defendants into a default thereby accelerating Defendants' contractual obligations under the subject Agreements. Plaintiff made numerous false representations in order to induce unsophisticated business owners, into entering into the subject agreements, including, but not limited to:

a. Advertising or marketing the subject merchant cash advance (MCA) with no need of personal guarantees, then requiring Defendants to sign personal guarantees prior to receiving any funds;

5

b. Falsely advertising or marketing the subject MCA as a loan when it is not a loan, causing Defendants to incorrectly believe they had the rights and protections that borrowers commonly do, such as usury statutes, and acting with unclean hands to such an extent that the subject agreements must be deemed null and void;

c. Falsely advertising or marketing that Plaintiff will reconcile the merchants' payment amounts by calculating them before debiting them from merchants' bank accounts and will reconcile payments amounts on a monthly basis, after payments are made;

d. Falsely promising flexibility and leniency in repayment terms in the event of default in order to induce Defendants into entering into the subject MCA; promising funds that it did not deliver;

e. Failing to disclose the impact of funding costs and broker fees on the net funding Defendants would receive; instead, burying fees in the contracts without any language alerting consumers that the fees are withdrawn upfront; failing to advise Defendants of the extraordinary interest rates Defendants would have to pay on any money received;

f. Misleading Defendants into taking out cash advances that served little or not business purpose;

g.  Failing to disclose that the subject agreements and the liens permitted therein may cause Defendants to default under other existing contracts forcing the Defendants to accelerate the repayment of the so-called cash advance.

Thirteenth Affirmative Defense

Plaintiff's subject agreements is null and void as against public policy because of the difference in economic power and the bad faith dealing by Plaintiff.

Fourteenth Affirmative Defense

Plaintiff's subject agreements contain the same confidential arbitration clause, which Defendants have triggered, and therefore the Complaint is properly sent to arbitration.

DATED this 22nd day of June, 2023.

MARRA, EVENSON, & LEVINE, P.C.
P.O. Box 1525
Great Falls, MT 59403-1525

/s/ Antonia P. Marra
MARRA, EVENSON & LEVINE, P.C.
*Attorneys for Defendants*