IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ITRIA VENTURES, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MARQUIS CATTLE COMPANY;<br>CORY SHANNON MARQUIS; and<br>BECKIE JO MARQUIS,<br><br>　　　　　Defendants. | CV 23-24-GF-JTJ<br><br>MEMORANDUM AND ORDER |

## INTRODUCTION

Presently before the Court are Plaintiff's Motion to Remand, Defendants' Motion to Compel Arbitration, and Defendants' Motion to Transfer this Case to the Southern District of New York. The Court conducted a hearing on the motions on September 12, 2023. The Court is prepared to rule.

## BACKGROUND

Plaintiff Itria Ventures, LLC (Itria) is a business that provides financial accommodations to its business customers by purchasing the customer's accounts receivable. (Doc. 9 at 2). Defendant Marquis Cattle Co. (Marquis) is a Montana corporation with its principal place of business located in Belt Montana.

Defendants Cory Marquis and Beckie Marquis own Marquis Cattle Co. (Doc. 9 at 2).

Itria and Marquis entered into a "Future Receivables Sale Agreement" (first RSA) on or about December 21, 2021. (Doc. 9-1 at 2-19). Under the first RSA, Itria agreed to pay Marquis $575,500, and Marquis agreed reimburse Itria at the rate of $12,500 per week for 60 weeks for a total amount of $750,000. (Doc. 9-1 at 2).

Itria and Marquis entered into a second "Future Receivables Sale Agreement" (second RSA) on or about March 14, 2022. (Doc. 9-1 at 21-34). Under the second RSA, Itria agreed to pay Marquis $339,000, and Marquis agreed to reimburse Itria at the rate of $9,114.58 per week for 48 weeks for a total amount of $437,500. (Doc. 9-1 at 21).

Defendants Cory Marquis and Beckie Marquis acted as guarantors on both the first and second RSAs. Cory and Beckie executed a Guaranty of Performance with respect to the first RSA and the second RSA. (Doc. 9-1 at 16-17, 35-36). Cory and Beckie guaranteed that Marquis would perform its duties and obligations under both RSAs. (Doc. 9-1 at 16, 35).

Itria alleges that Marquis has breached both the first RSA and the second RSA by failing to make the required weekly payments. Itria alleges that Marquis has not made a full weekly payment on the first RSA since November 16, 2022.

(Doc. 9 at 4). Itria alleges that Marquis has not made a full weekly payment on the second RSA since December 27, 2022. *Id.* Itria alleges that the balance due and owing on the first RSA is $306,383.71. (Doc. 9 at 4). Itria alleges that the balance due and owing on the second RSA is $169,080.13. (Doc. 9 at 5). Itria alleges that Cory and Beckie Marquis are liable for the amounts due and owing on the first and second RSAs given that they acted as guarantors. (Doc. 9 at 5-6).

Itria filed this action in the Montana Eighth Judicial District Court, Cascade County, on April 21, 2023. (Doc. 9). Defendants removed the case here on May 19, 2023, invoking the Court's diversity jurisdiction. (Doc. 1 at 2). Itria has moved to remand this case to state court. Defendants have moved for an order compelling arbitration, and an order transferring this case to the Southern District of New York.

## DISCUSSION

The parties agreed in Section 15(g) of the first and second RSAs that all disputes and claims arising out of or relating to the RSAs, with the exception of claims for injunctive relief brought by Itria, are to be resolved by final and binding arbitration with JAMS, Inc. in New York County, New York. (Doc. 9-1 at 14, 32).

All of the claims that Itria has asserted in this action are breach of contract claims in which Itria seeks to recover monetary damages. (Doc. 9 at 4-6). No claims for injunctive relief have been asserted against the Defendants. Per the parties' agreement in Section 15(g), all of Itria's claims against the Defendants must be resolved through arbitration. This Court is not the proper forum for resolving Itria's claims.[1] Remand to the Montana Eighth Judicial District Court is therefore appropriate.

Given that a remand to state court is required in this matter, the Court must deny Defendants' motion to compel arbitration, and deny Defendant's motion to transfer this case to the Southern District of New York.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Remand (Doc. 15) is GRANTED.

2. This case is REMANDED to the Montana Eighth Judicial District Court, Cascade County, for further proceedings.

3. Defendants' Motion to Compel Arbitration (Doc. 18-1) is DENIED.

---

[1] This Court would not be the proper forum for resolving Itria's claims even if the claims were not governed by the arbitration provision in Section 15(g) of the RSAs. In Section 15(b) of the RSAs, the parties have "irrevocably consented to the exclusive jurisdiction and venue of the state courts" in New York and Montana with respect to all claims that are not governed by the arbitration provision in Section 15(g). (Doc. 9-1 at 13, 32).

4. Defendants' Motion to Transfer to the Southern District of New York (Doc. 18-2) is DENIED.

DATED this 14th day of September, 2023.

_____
John Johnston
United States Magistrate Judge